UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN SMITH,** individually, and on behalf of all those similarly situated, | : | **CASE NO:** |
| | : | **JUDGE:** |
| Plaintiffs, | : | **MAGISTRATE:** |
| vs. | : | |
| **CITE, LLC** | : | **CLASS ACTION COMPLAINT** |
| and | : | **(WITH JURY DEMAND)** |
| **EVANGELINE GOULETAS,** Individually | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOES 1-10** (Identities and addresses presently unknown) | : | |
| | : | |
| Defendants. | : | |
| | : | |

     All allegations made in this Class Action Complaint are based upon information and belief except those allegations that pertain to Plaintiff, which are based on personal knowledge. Each allegation in this Class Action Complaint either has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the *Federal Rules of Civil Procedure*, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**I. PRELIMINARY STATEMENT**

     1.    Defendants own and operate a fine dining establishment in Chicago, Illinois located at 505 North Lake Shore Drive, 70th Floor.

2. Beginning in or around July 2009, Plaintiff Brian Smith was hired by CITE. He was initially hired as a waiter and eventually given the title of "lead employee," although he had no duties or responsibilities that would make him exempt from the overtime provisions of the Fair Labor Standards Act.

3. Plaintiff Smith was terminated in April 2016 for his protected activity under the Fair Labor Standards Act, namely complaints about unlawful wage practices.

4. While working for Defendants, Plaintiff Smith and those similarly situated observed and were subject to a variety of unlawful wage-related practices including, but not limited to, violations of minimum wage law, performing non-tipped activity while being paid a tipped wage, improper tip pooling, being charged a "glassware breakage fee" and facing employer retaliation for complaints of the unlawful activity.

5. Plaintiff, a former non-exempt employee of Defendants, brings this action against Defendants because he and other current and former employees suffered damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA").

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216. In addition to the named Plaintiff's individual claims, this action is filed as, and intended to be, a "collective action" as authorized by the Fair Labor Standards Act. This action is also filed as a class action under the Federal Rules of Civil Procedure, Rule 23(a) and (b).

7. Federal jurisdiction is invoked in this instance to secure protection and to redress deprivations of rights under the statutes of the United States, specifically including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

8. Plaintiff also seeks an exercise of this Court's Supplemental Jurisdiction as to the Illinois State law claims under 28 U.S.C § 1367.

9. The unlawful actions undertaken by Defendants occurred in the Northern District of Illinois, Eastern Division. Accordingly, venue with this Court is appropriate.

### III. PARTIES

10. Plaintiff Brian Smith is a citizen of the State of Illinois and the United States who at all times relevant to the allegations in this Complaint resided in Cook County, Illinois, which is in the Northern District of Illinois, Eastern Division.

11. Plaintiff was employed by Defendants as a waiter beginning in July 2009 until April 2016 when he was suddenly terminated in retaliation for exercising his rights under the Fair Labor Standards Act. Mr. Smith has signed a consent to participate in this action in accordance with 29 U.S.C. § 216(b), which is attached as Exhibit A.

12. Defendant CITE, LLC ("CITE") is a limited liability Illinois Corporation first registered with the Illinois Secretary of State in February 2000. CITE is licensed to transact business and did transact business in Illinois. CITE is an employer of Plaintiff and members of the proposed Class within the meaning of 29 U.S.C. § 203(d).

13. Defendant Evangeline Gouletas ("Gouletas") is the owner and registered agent for CITE and is a natural person who, upon information and belief, resides in Florida. Ms. Gouletas was an employer of Plaintiff and members of the proposed Class within the meaning of 29 U.S.C. § 203(d).

14. Upon information and belief, Gouletas was responsible for dictating the pay policies of CITE, including how tips were pooled, which individuals received certain portions of the tip pool and the glassware breakage fee.

15. Additionally, Gouletas is an "employer" as defined by Illinois law, 820 ILCS 115/13.

16. Defendants John Does 1-10 are other entities or natural persons presently unidentified and whose addresses are unknown, including but not limited to owners, officers, executives, directors, and any other entities who participated in the scheme to violate the rights of Plaintiff and those similarly situated by devising and executing a compensation scheme that violated various provision of both Illinois and Federal Law.

17. Defendants CITE, Gouletas, and John Does 1-10 (collectively, "Defendants") jointly maintained, operated, and controlled the facilities and operations of CITE at all times relevant, and constituted a "single employer" of Plaintiff and other similarly situated employees. Amongst other things:

    a. Upon information and belief, at all relevant times, Gouletas and CITE exercised *de facto* control over the labor practices governing Plaintiffs and the Class members, including the decisions to implement the unlawful compensation scheme;

    b. Upon information and belief, at all relevant times, there was a unity of personnel policies emanating from a common source between the Single Employer Defendants; and

    c. Upon information and belief, at all relevant times, the Single Employer Defendants jointly made decisions concerning Plaintiff's and similarly

situated employees' employment, including the decision to structure unlawful compensation schemes.

## IV. STATEMENT OF FACTS

18. Plaintiff hereby incorporates the previous paragraphs of this Complaint by reference as if fully rewritten herein.

19. CITE was operated by the Single Employer Defendants.

20. Upon information and belief, CITE as operated by the Single Employer Defendants is an upscale, fine dining restaurant located in the Streeterville neighborhood of Chicago.

21. CITE prides itself on being a "white tablecloth" establishment with a high level of service. To accomplish this goal, CITE employs a high number of "Front of House" staff, i.e., employees who interact with customers.

22. This Front of House staff consists of, among others, FLSA non-exempt personnel such as waiters, bartenders, bussers and food runners.

23. All the above individuals are paid on an hourly, rather than salary, basis.

24. Many of those compensated on an hourly basis are paid below minimum wage and receive the minimum tip wage permitted under Illinois law.

25. The Single Employer Defendants, while paying tip wages to the various employees, committed a myriad of wage and hour, FLSA and related violations.

26. By way of example, many tip wage employees, including Plaintiff, were paid the Illinois tip wage while performing non-tipped work. These activities included, but were not limited to, polishing glassware, polishing silverware, wine and liquor inventory, folding linens and moving furniture in the restaurant.

27. Although being paid a tip wage for these activities, Plaintiff and the similarly situated employees did not receive tips for these activities.

28. Furthermore, Plaintiff and those similarly situated were subject to a mandatory "glassware breakage" fee, automatically deducted from their wages. Specifically, the Single Employer Defendants would make deductions from each employee's paycheck on a per-shift basis. The deductions were made regardless of any actual occurrence of any glass breakage.

29. The deductions made would be up to five dollars per employee, per shift. At times, however, the Single Employer Defendants would split the breakage fee amongst the employees working a single "section" of the restaurant.

30. Additionally, the Single Employer Defendants have engaged in improper tip pooling. A pattern and practice exists at CITE whereby tips are pooled and distributed to non-eligible staff, including management.

31. Near the end of Plaintiff's employment, he complained of these unlawful pay practices to management at CITE. Instead of addressing Plaintiff's stated concerns, the Single Employer Defendants terminated Plaintiff for his protected activity, in violation of the FLSA's anti-retaliation provisions.

32. On information and belief, it is common practice at CITE that management terminates the employment of any non-exempt employee who complains about CITE's unlawful payment practices.

33. Plaintiff and those similarly situated are "employees" as defined by Section 3(d) of the IMWL, 820 ILCS § 105/3(d), Section 2 of the IWPCA, 820 ILCS § 115/2, and Section (e) of the FLSA, 29 U.S.C. § 203(e).

34. The Single Employer Defendants have improperly claimed a Tip Credit in violation of 820 ILCS § 105/4(c) and 29 U.S.C. § 203 (m) as they have failed to pay the proper wages to Plaintiff and those similarly situated.

35. The Single Employer Defendants have harmed Plaintiff and those similarly situated by the imposition of the glass breakage fee in violation of 29 U.S.C. § 203(m) as the Single Employer Defendants have not allowed Plaintiff and those similarly situated to retain all their tips as required by law.

36. The Single Employer Defendants have violated the FLSA in their improper tip pooling practices to the detriment of Plaintiff and those similarly situated in violation of 29 C.FR. §531.52.

37. The Single Employer Defendants have violated the anti-retaliation provisions of the FLSA by discharging Plaintiff for his protected activity in violation of 29 U.S. Code § 215 *et. seq*.

## V. COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff hereby incorporates the previous paragraphs of this Complaint by reference as if fully rewritten herein.

39. Plaintiff brings the FLSA claims under 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in Class (the "FLSA Class"):

> All non-exempt employees of Defendants' subjected to Defendants' unlawful wage and hour practices during the three (3) years of the date of filing of this complaint. Defendants' unlawful practices include but are not limited to paying tipped rate wages for non-tipped work, making automatic deductions from wages for breakage, tip pooling, retaliatory terminations and any other unlawful practices identified through further investigation and discovery.

40. Plaintiff is similarly situated to all former and current employees described in the FLSA Class.

## VI. CLASS ACTION ALLEGATIONS

41. Plaintiff brings this Claim for Relief on his own behalf and for those Similarly Situated under Federal Rules of Civil Procedure, Rule 23(a) and (b), for those who were non-exempt persons paid an Illinois tip wage and were subject to improper glass breakage charges, improper tip pooling, violation of minimum wage laws and those who were retaliated against for exercising their rights under the FLSA. (the "Class").

42. Although the precise number of the Class members is unknown to Plaintiff, upon information and belief the number is at least 50, who constitute the Class identified above (the "Class"), such that joinder is impractical. The disposition of each Class member's claims through the class action procedure will benefit the parties, the Court, and society as a whole.

43. Upon information and belief, the identities of many of the members of the class and the recent addresses of many of the Class Members are contained in the books and records, including electronic records, of the Single Employer Defendants and are obtainable by them.

44. Upon information and belief, the rate of pay, tip pooling, glass breakage fee records and benefits that were being paid by the Single Employer Defendants to each Class Member at the time of his/her termination is contained in the books and records, including electronic records, of Single Employer Defendants, or are obtainable by them.

45. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

        a. whether the Single Employer Defendants had Class members perform non-tipped tasks at the tip wage rate; and

      b. whether the Single Employer Defendants unlawfully charged Class members a glass breakage fee; and

      c. whether the Single Employer Defendants participated in an unlawful tip pooling scheme; and

      d. whether the Single Employer Defendants maintained a policy or practice of retaliating against Class members by unlawfully terminating them for exercising their rights under the Fair Labor Standards Act; and

      e. whether Evangeline Gouletas is individually personally liable to Plaintiffs and members of the Class under the doctrine of Responsible Corporate Officers.

46. The Plaintiff's claims are typical of those of the Class. The Plaintiff, like other Class members, worked at CITE, was subject to the same unlawful wage practices and was retaliated against for exercising his rights under the Fair Labor Standards Act. The Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and mass actions, including wage and hour class actions, committed to vigorous prosecution of this action, and who have no conflicts of interest.

47. Plaintiff's claims are typical of the Class members' claims. Plaintiff and the Class members work or have worked for the Single Employer Defendants and have been subjected to Defendant's wage and hour policies and practices which create a pattern or practice of, *inter alia*, failing to pay minimum wages, improper tip pooling, being subjected to an unlawful glass breakage fee and being retaliated against for exercising his rights under the Fair Labor Standards Act. Class members are victims of the same actions and conduct of the Single Employer Defendants.

48. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of Fair Labor Standards Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant(s), and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

49. Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23.

50. As noted above, Defendants have acted on grounds that apply generally to the Class, so that final injunctive and/or declaratory relief is appropriate respecting the Class as a whole.

51. A class action is appropriate because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.

52. Given the above considerations, it is desirable to concentrate the litigation of the claims in this particular forum.

53. Absent a class action, Defendants would likely retain the benefits of their wrongdoing, resulting in a miscarriage of justice.

54. There will be no difficulties in managing this class action as the names and addresses of the persons who are members of the Class are available from Defendants. Further, notice can be provided to the members of the Class by using techniques and a form of notice similar to those customarily used in class actions, including individual mailed notice and notice

by publication, as appropriate.

## VII. STATEMENT OF CLAIMS

### Count One

### Denial of Minimum Wages under the FLSA, 29 U.S.C. § 206

55. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

56. The Single Employer Defendants' denial of minimum wages for hours worked by Plaintiff and members of the FLSA Class during the last pay period violates the FLSA, including but not limited to the minimum wage provisions of 29 U.S.C. § 206.

57. Plaintiff and members of the FLSA Class are entitled to recover from the Single Employer Defendants an appropriate amount for all hours worked, all improperly pooled tips and recuperation of all improperly deducted glassware breakage fees, together with liquidated damages in an amount equal thereto, and attorney fees pursuant to 29 U.S.C. § 216(b).

### Count Two

### Willful violation of FLSA, 29 U.S.C. § 255(a)

58. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

59. The Single Employer Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that Plaintiff and members of the FLSA Class are entitled to recover from Defendants an appropriate amount for all hours worked, together with liquidated damages in an amount equal thereto and attorney fees pursuant to 29 U.S.C. § 216(b).

### Count Three

### Violation of the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215

60. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

61. Under 29 U.S.C. § 215, an employer is prohibited from discharging or discriminating against an employee for exercising their rights under the Fair Labor Standards Act.

62. Plaintiff, and many of those similarly situated, have complained of Defendant's unlawful wage practices.

63. The oral complaints made by Plaintiff to CITE regarding unlawful wage practices constitute "fair notice" he was invoking his rights under the Fair Labor Standards Act. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966 (7th Cir. 2012).

64. Because of Plaintiff's protected activity, he was terminated by CITE.

65. On information and belief, CITE has terminated several other members of the Class for exercising their FLSA rights.

66. Such termination was done willfully and with malice, subjecting the Single Employer Defendants to punitive damages.

## Count Four

### Denial of Minimum Wages under 820 ILCS 105/4(a)(1)

67. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

68. Under 820 ILCS 105/4(a)(1), the Single Employer Defendants were required to pay Plaintiff and members of the Class the legally-required minimum wage for all hours worked.

69. Defendants' conduct as described above violates 820 ILCS 105/4(a)(1) governing payment of minimum wages. Illinois law provides a private right of action under 820 ILCS 105/12 *et seq*.

70. Defendants have willfully and with reckless disregard deprived Plaintiff and members of the Class of the payment of minimum wage compensation under the above stated

laws, which entitles Plaintiff and others similarly situated to liquidated and/or punitive damages and other appropriate relief.

## Count Five

### Improper Tip Credit Under 820 ILCS 105/4(c)

71. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

72. Under 820 ILCS 105/4(c), the Single Employer Defendants may take an allowance for an employee engaged in an occupation in which gratuities have customarily and usually constituted and have been recognized as part of the remuneration for hire.

73. The amount is not to exceed forty percent (40%) of the applicable minimum wage and the employer must show that the gratuities were received by the employee and no part thereof was returned to the employer.

74. Defendants' conduct as described above violates 802 ILCS 105/4(c) in various ways including, but not limited to, the improper tip pooling procedures as well as the glassware breakage fee.

75. Defendants have willfully and with reckless disregard deprived Plaintiff and members of the Class of all gratuities to which they are legally entitled, which entitles Plaintiff and others similarly situated to liquidated and/or punitive damages and other appropriate relief.

76. Illinois law provides a private right of action under 820 ILCS 105/12 *et seq* to seek relief for the above described conduct.

## Count Six

### Failure to Pay Semi-Monthly Wages

77. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

78. Plaintiff brings this claim individually and on behalf of the Class.

79. During the three-year period preceding the filing of this Complaint, the Single Employer Defendants violated 820 ILCS 115/3 by failing to pay Plaintiff and members of the Class, at least semi-monthly, all wages earned during the semi-monthly pay-period.

80. Illinois law provides a private right of action under 820 ILCS 115/14 to seek relief for the above described conduct.

## Counsel Seven

## Failure to Pay All Wages Earned

81. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

82. Plaintiff brings this claim individually and on behalf of the Class.

83. During the three-year period preceding the filing of this Complaint, the Single Employer Defendants violated 820 ILCS 115/4 by failing to pay all wages earned by means of, including but not limited to, improper tip pooling and collection of glassware breakage fee.

84. Illinois law provides a private right of action under 820 ILCS 115/14 to seek relief for the above described conduct.

## Count Eight

## Unjust Enrichment / Quantum Meruit

85. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

86. Plaintiff and members of the Class conferred a benefit upon the Single Employer Defendants when they worked hours and provided services to Defendants, and performed such other acts and conduct for Defendants' benefit.

87. The benefits were conferred by Plaintiff and members of the Class without receiving just compensation from Defendants for the services rendered.

88. Defendants have been unjustly enriched by the benefits conferred by Plaintiff and

members of the Class.

89. Plaintiff and members of the Class are entitled to just compensation for the reasonable value of services rendered to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all other similarly situated employees of Defendant who elect to opt-in to this FLSA action as described with particularity in 29 U.S.C. § 216(b), and also those who are encompassed by the Rule 23 class definition, demand judgment against the Defendants as follows:

1. An Order Permitting this litigation to proceed as a collective action;
2. Prompt notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees of Defendants that this litigation is pending and that they have right to "opt-in" to this litigation;
3. Judgment against Defendants for violating the Fair Labor Standards Act;
4. An Order declaring that the Defendants' violations of the Fair Labor Standards Act were willful;
5. An award of unpaid wages and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act and Illinois law;
6. An award of Plaintiff's reasonable attorneys' fees and costs;
7. With respect to the Class:
    a. For an order certifying the Class, pursuant to Rule 23, appointing Plaintiff as representative of the Class, and appointing the law firms representing Plaintiff as counsel for the Class;
    b. An award of damages and liquidated damages;

    c. Pre-judgment and post-judgment interest, as provided by law;

    d. Such other injunctive and equitable relief as the Court may deem just and proper; and

    e. Reasonable costs and attorneys' fees.

8. Such other relief which in law and equity is appropriate.

Respectfully submitted,

**MINNILLO & JENKINS, Co. LPA**

*/s/ Robb S. Stokar*
Robb S. Stokar (IL ARDC #6293886)
Christian A. Jenkins* (OH Bar #0070674)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
cjenkins@minnillojenkins.com
rstokar@minnillojenkins.com
* Admitted to the NDIL on 08-08-96,
Trial Bar admission pending
***Trial Counsel for Plaintiff***

**Gordon & Centracchio, LLC**

*/s/Joshua N. Karmel*
Joshua N. Karmel (IL ARDC #6208369)
211 West Wacker Suite 500
Chicago, IL 60606-1388
Tel: (312) 332-2490
Jklaw1226@gmail.com
***Co-Counsel and Local Counsel for Plaintiff***

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Robb S. Stokar*
Robb S. Stokar (IL ARDC #6293886)